UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KERLINE MAXINEAU,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE, SELECT PORTFOLIO SERVICING, INC., and DOONAN, GRAVES & LONGORIA, LLC,<br><br>    Defendants. | No. 18-cv-10720-PBS |

## **REPORT AND RECOMMENDATION DISMISSING THE COMPLAINT FOR FAILURE TO PROSECUTE**

CABELL, U.S.M.J.

    In March 2018 Kerline Maxineau brought a state court claim against the defendants, who in turn timely removed the matter to federal court. Since then, Maxineau has failed to pursue her claims or to participate in the lawsuit, at all. Most recently, Maxineau was ordered by this court to respond to the defendants' motions to dismiss by July 20, 2018, or face dismissal of the complaint for failure to prosecute. The record reflects that Maxineau received notice of the court's order but nonetheless failed to respond. I recommend therefore that the complaint be dismissed without prejudice for lack of prosecution.

I.  **RELEVANT BACKGROUND**

On March 19, 2018, the plaintiff filed a complaint in the Norfolk Superior Court. The gravamen of her complaint is that the defendants engaged in unfair and deceptive acts and practices when they issued a notice of foreclosure relating to the plaintiff's primary residence, (Dkt. No. 1, Ex. 1). On April 13, 2018 the defendants timely removed the matter to this court. (Dkt. No. 1).

On April 17, 2018, defendants JP Morgan Chase and Doonan, Graves & Longoria moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 6 and 8). The record reflects that the motions were mailed to the plaintiff's home address but the plaintiff failed to file a response to either motion.

On May 8, 2018, defendant Select Portfolio Servicing moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 12). The record again reflects that the motion was mailed to the plaintiff's home address but that the plaintiff yet again failed to file an opposition or response to the motion to dismiss.

On July 5, 2018, the court issued an electronic order directing the plaintiff to either file an opposition to the three pending motions or to indicate that she did not oppose them. The order directed the plaintiff to submit her filing by July 20, 2018.

The order also contained the following admonition: **"The plaintiff is advised that a failure to respond to this order could lead to a dismissal of the case for failure to prosecute."** (Dkt. No. 15). The record reflects that a copy of the order was mailed to the plaintiff's last known address. (Dkt. No. 16). As of the date of this Report and Recommendation, however, the plaintiff has not responded to the court's order.

## II. DISCUSSION

It is a long-established principle that this court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute her action and her failure to follow the court's orders. FED. R. CIV. P. 41(b); D. MASS. L.R. 41.1(b) (The court may *sua sponte* give notice of a "hearing on a dismissal calendar for actions or proceedings assigned to that judge that appear not to have been diligently prosecuted," and may dismiss the case if the plaintiff fails to respond). *See also Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) (district court had inherent authority to dismiss a case for failure to prosecute and does not abuse its discretion in dismissing the case based, in part, on plaintiff's failure to appear at pre-trial conference). While the court exercises this authority with caution, it is respectfully recommended that dismissal is appropriate in the case at hand. Without the plaintiff's active participation, the court has no means to effect the advancement

of the case to a resolution on the merits.

Accordingly, it is my recommendation that the complaint be dismissed, without prejudice, for failure to prosecute.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  July 25, 2018

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).